UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEMONTE EASTERLING,

    Petitioner,

    v.

CONNIE HORTON,

    Respondent.
_____/

Case No. 20-cv-13397

U.S. DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS [#11], DISMISSING THE PETITION FOR A WRIT OF HABEAS CORPUS [#1], DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED ON APPEAL IN FORMA PAUPERIS**

## I. INTRODUCTION

Petitioner DeMonte Easterling ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 asserting that he is being held in violation of his constitutional rights. Following a joint jury trial with his half-sister, co-defendant Bria Blackmon, in the Macomb County Circuit Court in 2016, Petitioner was convicted of first-degree felony murder, second-degree murder,[1] armed robbery, and conspiracy to commit armed robbery. He was sentenced to life

---

[1] The second-degree murder conviction and sentence were vacated on direct appeal in the state courts.

1

imprisonment without the possibility of parole on the murder conviction and to concurrent terms of 37 ½ to 75 years imprisonment on the other convictions.  In his pleadings, he raises claims concerning the sufficiency of the evidence, the failure to preserve evidence, the effectiveness of trial counsel, and the admission of his police statement.  ECF No. 1.

Presently before the Court is Respondent's motion to dismiss the habeas petition as untimely under the one-year statute of limitations applicable to federal habeas actions.  ECF No. 11.  Petitioner has not filed a reply to the response.  Having reviewed the matter, the Court concludes that the habeas petition is untimely and must be dismissed.  The Court also concludes that a certificate of appealability must be denied.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

Petitioner's convictions arise from the robbery and beating death of a man at his home in Sterling Heights, Michigan in March 2015.  On direct appeal, the Michigan Court of Appeals described the relevant facts, which are presumed correct on habeas review, 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009), as follows:

> Defendants' convictions arise from the robbery and beating death of Michael Scott Freeland at his home in Sterling Heights, Michigan. Freeland had posted an Internet advertisement seeking a submissive woman under the age of 30 who was willing to have his children.

Blackmon responded to the advertisement and began a relationship with Freeland. Early in the morning on March 27, 2015, about a week after Blackmon and Freeland began their relationship, Blackmon and Easterling went to Freeland's home. Later that morning, authorities discovered Freeland's body inside his house after a neighbor reported a fire at the house.

An autopsy revealed that Freeland had several blunt force injuries to his face and head, including lacerations to his scalp and face, bruising on his scalp and face, multiple skull fractures, and injury to his brain. He also had defensive wounds on his right forearm and hand. The cause of death was blunt force trauma to the head.

The prosecution's theory at trial was that both defendants beat Freeland, intending to kill and rob him. A few days before the offense, Blackmon had tried to recruit a friend to kill an acquaintance. Cell phone records showed that both defendants were in the area of Freeland's home on the morning of March 27, and surveillance recordings captured Blackmon purchasing gasoline at a Sunoco station and purchasing a computer tablet at a Meijer store with Freeland's credit card. Other attempted purchases by Blackmon using Freeland's credit card were denied. A search of Blackmon's vehicle led to the discovery of a jacket with Freeland's blood and DNA on it. Freeland had a medical marijuana card, and a jar of marijuana was also discovered inside Blackmon's vehicle. Several of Freeland's credit cards and pieces of identification were discovered during a search of Blackmon's home.

Both defendants gave multiple statements to the police. Blackmon initially admitted being at Freeland's home, and admitted striking him with lamp and a baseball bat after an argument, but claimed that he was alive and responsive when she left. In a second statement, she again admitted hitting Freeland with a bat and a lamp after an argument, and also admitted taking his wallet. Easterling first told the

police that he went with Blackmon to Freeland's house to buy marijuana, but denied being involved in any plan to assault or rob Freeland. In a second statement, Easterling told the police that he punched Freeland and knocked him to the floor, and then took a laptop computer from his house. Easterling said that, after leaving the house, he had his girlfriend pick him up and he threw a dumbbell out the car window while driving along I–75. The police later found two dumbbells along I–75 that contained Freeland's DNA. Easterling testified at trial and denied assaulting or robbing Freeland. He also denied telling the police that he assaulted or robbed Freeland.

*People v. Easterling*, No. 332702, 2017 WL 5759952, *1-2 (Mich. Ct. App. Nov. 28, 2017) (unpublished).

Following his convictions and sentencing, Petitioner filed an appeal of right with the Michigan Court of Appeals, raising claims concerning the sufficiency of the evidence, double jeopardy, and the failure to preserve evidence. The court vacated Petitioner's second-degree murder conviction and sentence on double jeopardy grounds and remanded the case to the trial court, but it denied relief on the other claims and affirmed his other convictions and sentences. *Id.* at *7-10. Petitioner did not seek leave to appeal in the Michigan Supreme Court. ECF Nos. 11-2, 12-16.

The trial court issued an amended judgment of sentence on February 6, 2018. ECF No. 11-3.

On November 1, 2018, Petitioner filed a motion for relief from judgment with the state trial court raising claims concerning improper joinder, the admission of police statements, and the effectiveness of trial and appellate counsel, which was denied on the merits. *People v. Easterling*, No. 2015-2499-FC (Macomb Co. Cir. Ct. Nov. 30, 2018); ECF Nos. 12-17, 12-18. He then filed a delayed application for leave to appeal with the Michigan Court of Appeals, which was denied for failure to show that the trial court erred. *People v. Easterling*, No. 348136 (Mich. Ct. App. July 2, 2019); ECF No. 12-19. He also filed an application for leave to appeal with the Michigan Supreme Court, which was denied pursuant to Michigan Court Rule 6.508(D). *People v. Easterling*, 505 Mich. 943, 936 N.W.2d 311 (Dec. 23, 2019); ECF No. 12-20.

Petitioner dated his federal habeas petition on December 13, 2020. ECF No. 1. Respondent filed the instant motion to dismiss on August 13, 2021. ECF Nos. 11, 12. Petitioner has not filed a reply to the response.

### III. LAW & ANALYSIS

**A. Legal Standard**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq*., became effective on April 24, 1996. The

AEDPA includes a one-year statute of limitations for habeas petitions brought by prisoners challenging state court judgments. The statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). A habeas petition filed outside the proscribed timeframe must be dismissed unless the petitioner is entitled to equitable tolling. *See*

6

*Hall v. Warden*, Lebanon Corr. Inst., 662 F.3d 745 (6th Cir. 2011) (dismissing petition filed five days late); *Wilson v. Birkett*, 192 F. Supp. 2d 763, 765 (E.D. Mich. 2002) ("A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations.").

### B. Discussion

As a threshold matter, the Court must determine whether Petitioner has complied with the one-year statute of limitations. To be sure, "district courts are permitted . . . to consider *sua sponte*, the timeliness of a state prisoner's federal habeas petition. *Day v. McDonough*, 547 U.S. 198, 209 (2006).

Petitioner's convictions became final after the AEDPA's April 24, 1996 effective date. The trial court issued the amended judgment of sentence on February 6, 2018. Petitioner then had six months to file an appeal with the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(A)(2)(a) (amended in 2011 and reconfigured since). He did not do so. His convictions thus became final on August 6, 2018 when the time for filing an appeal with the Michigan Court of Appeals expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that petitioner's convictions became final when the time for filing an appeal with the Michigan Court of Appeals expired); *see also Gonzalez v. Thaler*, 565 U.S. 134, 154 (2012) (holding that when a petitioner does not seek review in a state's highest court, the judgment becomes final when the time for seeking such

review expires). The one-year period began running the day after the new judgment became final. *See King v. Morgan*, 807 F.3d 154, 158 (6th Cir. 2015) (the one-year period restarts if a petitioner is re-sentenced and a new judgment of sentence is issued). Accordingly, Petitioner was required to file his federal habeas petition by August 6, 2019, excluding any time during which a properly filed application for state post-conviction or collateral review was pending in accordance with 28 U.S.C. § 2244(d)(2).

Petitioner filed his motion for relief from judgment with the state trial court on November 1, 2018. At that point, 86 days of the one-year period had expired. The one-year period remained tolled while the motion was pending in the state courts. The Michigan Supreme Court denied leave to appeal on December 23, 2019. The one-year period was thus tolled until that date. It resumed running the next day and expired 279 days later – on or about September 27, 2020. The AEDPA's limitations period does not begin to run anew after the completion of state post-conviction proceedings. *See Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001) (filing of delayed motion for appeal tolled the one-year statute of limitations but did not reset it once motion was denied). Petitioner did not date his federal habeas petition until December 13, 2020 – well after the one-year limitations period had expired.

Petitioner does not assert that the State created an impediment to the filing of his habeas petition or that his habeas claims are based upon newly-enacted, retroactively-applicable law or newly-discovered facts. His habeas petition is therefore untimely under 28 U.S.C. § 2244(d).

The United States Supreme Court has ruled that the one-year statute of limitations is not a jurisdictional bar and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003) (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000)).

Petitioner makes no such showing. He neither alleges nor establishes that an extraordinary circumstance prevented him from timely filing his habeas petition.

He also fails to show that he acted with sufficient diligence so as to justify equitable tolling of the one-year period.

Moreover, the fact that Petitioner is untrained in the law, is or was proceeding without a lawyer or other assistance for a period of time, and/or may have been unaware of the statute of limitations or mistaken about its application does not warrant equitable tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) (pro se status is not an extraordinary circumstance); *Allen*, 366 F.3d at 403-04 (neither ignorance of the law nor reliance on the unreasonable or incorrect advice of counsel justify tolling); *Rodriguez v. Elo*, 195 F. Supp. 2d 934, 936 (E.D. Mich. 2002) ("The law is replete with instances which firmly establish that ignorance of the law, despite a litigant's pro se status, is no excuse for failure to follow established legal requirements."). Petitioner fails to demonstrate that he is entitled to equitable tolling under *Holland*.

The United States Supreme Court has held that a credible claim of actual innocence may equitably toll the one-year statute of limitations. *McQuiggin v. Perkins*, 569 U.S. 383, 396-97 (2013). To support a claim of actual innocence, a petitioner "must demonstrate that, 'in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995)); *see also House v. Bell*, 547 U.S. 518, 537-39 (2006). A valid claim of

actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324. Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. In keeping with Supreme Court authority, the United States Court of Appeals for the Sixth Circuit has stated that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Souter v. Jones*, 395 F.3d 577, 590 (6th Cir. 2005) (quoting *Schlup*, 513 U.S. at 321).

Petitioner makes no such showing. His assertion that his habeas claims have merit does not establish his actual innocence. *See, e.g., Craig v. White*, 227 F. App'x 480, 481 (6th Cir. 2007) ("Where a petitioner asserts actual innocence solely based on his interpretation of the law, however, *Souter's* actual innocence exception does not apply."). Moreover, a self-serving, conclusory assertion of innocence is insufficient to support an actual innocence claim. A "reasonable juror [or fact-finder] surely could discount [a petitioner's] own testimony in support of his own cause." *McCray v. Vasbinder*, 499 F.3d 568, 573 (6th Cir. 2007) (citing *Riggins v. Norris,* 238 F.3d 954, 955 (8th Cir.2001); *Cuppett v. Duckworth,* 8 F.3d 1132, 1139 (7th Cir.1993)). Petitioner fails to establish that he

11

is entitled to equitable tolling of the one-year period. His habeas petition is therefore untimely and must be dismissed.

## IV.  CONCLUSION

For the foregoing reasons, the Court concludes that Petitioner did not file his habeas petition within the one-year limitations period set forth in 28 U.S.C. § 2244(d), that he is not entitled to statutory and/or equitable tolling, and that the statute of limitations precludes review of his claims. Accordingly, the Court **GRANTS** Respondent's motion to dismiss and **DISMISSES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may only issue if a habeas petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the

court was correct in its procedural ruling. *Id*. Jurists of reason would not find the Court's procedural ruling debatable. Accordingly, the Court **DENIES** a certificate of appealability.

Lastly, the Court finds that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court **DENIES** leave to proceed *in forma pauperis* on appeal.

**IT IS SO ORDERED.**

s/Gershwin A. Drain_____
GERSHWIN A. DRAIN
UNITED STATES DISTRICT JUDGE

Dated: October 27, 2021

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
October 27, 2021, by electronic and/or ordinary mail.
/s/ Teresa McGovern
Case Manager